**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3184
_____

UNITED STATES OF AMERICA

v.

JEROME BROWN, a/k/a Jerome F Brown,
*Appellant*

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:21-cr-00374-001)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 3, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges*

(Filed: March 6, 2026)

Donovan J. Cocas
Laura S. Irwin
OFFICE OF UNITED STATES ATTORNEY
Western District of Pennsylvania
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
    *Counsel for Appellee*

Ray Kim
Renee Pietropaolo
OFFICE OF FEDERAL PUBLIC DEFENDER
Western District of Pennsylvania

1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
 *Counsel for Appellant*

————

OPINION OF THE COURT

————

**RESTREPO**, *Circuit Judge.*

A plea agreement is a negotiated contract between the Government and a defendant.[1]  Rule 11 of the Federal Rules of Criminal Procedure governs criminal pleas and expressly forbids judicial participation in plea negotiations.[2]  But improper judicial participation is not enough to vacate a plea.  A defendant must also show that, as a result, he suffered prejudice.[3]  Although the District Court improperly intervened in the parties' plea negotiations, we will affirm because Brown cannot show a violation of his substantial rights.

**I.**

Jerome Brown was indicted for drug trafficking and illegally possessing a firearm after law enforcement raided his car, home, and storage unit as part of a drug-trafficking investigation near Pittsburgh, Pennsylvania.  Police found over 13 kilos of fentanyl, a handgun, and ammunition, as well as $136,000 in cash.  Shortly after his arrest, Brown

---

[1] *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024) (citing *United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989)).
[2] FED. R. CRIM. P. 11(c)(1) ("The court must not participate in [plea agreement] discussions.").
[3] *United States v. Davila*, 569 U.S. 597, 612 (2013) ("*Davila I*").

confessed. Instead of going to trial, Brown entered into plea negotiations with the Government.

The parties presented two different stipulated plea agreements to the District Court. In the first plea agreement, the parties negotiated the mandatory minimum sentence of 180 months' imprisonment. But the District Court rejected the plea, finding the sentence to be inconsistent with the guidelines[4] and the factors set forth in 18 U.S.C. § 3553(a). So, Brown withdrew his plea.

The parties went back to the drawing board to negotiate a second plea agreement. The new agreement proposed a sentence of 198 months—18 months longer than the original deal. Instead of simply rejecting the plea as permitted under Rule 11,[5] the District Court proposed its own "sentence [of] no greater than 235 months."[6] Brown postponed his scheduled change-of-plea and filed a supplemental memorandum to address the District Court's continued concerns. But the District Court remained doubtful and reiterated its proposed sentence of 235 months.

The Government and Brown proceeded to request a sentence of 198 months, noting Brown's early cooperation and acceptance of responsibility. Ultimately, the District Court rejected the second plea and presented Brown with three options: (1) try to renegotiate a third plea agreement; (2) enter an open guilty plea with the promise of a sentence not less

---

[4] Given Brown's criminal history and the charges, his Sentencing Guidelines range was 292–365 months imprisonment with a mandatory minimum of 180 months' imprisonment. *See* U.S.S.G. §§ 2D1.1(c)(2), 4B1.1(b).
[5] *See* FED. R. CRIM. P. 11(c)(3), (5).
[6] JA 140.

than 235 months; or (3) go to trial. After discussing the options with his attorney, Brown chose to proceed directly to an open plea with the understanding of the District Court's position.[7] His plea was knowing and voluntary, and he ultimately received a sentence of 235 months' imprisonment followed by ten years of supervised release. This appeal followed.

## II.[8]

Brown argues that the District Court's promise of a sentence of not less than 235 months violated Rule 11(c)(1), which should result in a vacatur of his plea. To resolve this issue, we must decide two questions: First, did the District Court violate Rule 11(c)(1)? If so, can Brown show substantial prejudice because of the violation? Because he failed to raise the objection below, we review for plain error.[9]

Rule 11's mandate against judicial participation in plea negotiations is clear: "The court *must not* participate in these discussions."[10] Such interference raises concerns for

---

[7] JA 180 ("Mr. Brown is prepared to proceed with a change of plea without a plea agreement today in light of the Court's, I guess, preliminary ruling on the plea agreement and proceed without a plea and just do an open plea to Counts One and Two of the indictment.").

[8] The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

[9] *See United States v. Davila*, 749 F.3d 982, 993 (11th Cir. 2014) ("*Davila II*") (finding that plain-error review applies when a defendant fails to contemporaneously object to a Rule (11)(c)(1) violation); *see also United States v. Brown*, 595 F.3d 498, 519 (3d Cir. 2010) ("To succeed under this standard of review, a defendant must demonstrate that (1) the asserted violation of Rule 11(c)(1) was error, (2) the error was plain, and (3) the error affected the defendant's substantial rights; if these three conditions are met, than a court may exercise its discretion to notice the forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." (internal quotation and citations omitted)).

[10] FED. R. CRIM. P. 11(c)(1) (emphasis added).

4

coerced guilty pleas and strips the process of judicial neutrality. The Supreme Court has recognized that the prohibition was adopted "out of concern that a defendant might be induced to plead guilty rather than risk displeasing the judge who would preside at trial."[11]

The District Court unquestionably violated Rule 11(c)(1)'s bright-line rule prohibiting judicial interference. Here, the violation is straightforward: the court engaged in plea negotiations and induced Brown to accept a plea of not less than 235 months. On more than one occasion, the District Court proposed its own sentence and therefore unquestionably "took the lead in orchestrating the plea agreement ultimately entered into by [Brown] and the government"[12]—a point the Government concedes.[13] But the District Court's error alone is not enough to vacate Brown's plea,[14] as he suggests. Brown must also show that "the error affected [his] substantial rights."[15] He bears the burden of making this showing yet fails to meet this burden. Indeed, in his briefing before the panel, he never claimed that he would have rejected a 235-month sentence if the government had offered it.

Instead, the record demonstrates Brown's consistent intent to plead guilty on whatever terms he could get. From the outset, Brown admitted the drugs belonged to him, reaffirming that admission under oath at his guilty plea. Before the District Court rejected the second plea agreement, both parties made it clear that Brown intended to plead guilty.

---

[11] *Davila I*, 569 U.S. at 606.

[12] *United States v. Harrell*, 751 F.3d 1235, 1239 (11th Cir. 2014).

[13] *See* Appellee's Br. at 23 ("[T]he United States believes that the court's Rule 11(c)(1) violation in Brown's case is obvious.").

[14] *See Davila I*, 569 U.S. at 609–10

[15] *Brown*, 595 F.3d at 519.

Brown's attorney told the District Court, "He intends to plead guilty today. He intends to, like he did on the day of his arrest, to accept full responsibility for his actions and he understands the gravity of this offense . . . ."[16] Likewise, the prosecutor urged the District Court to accept the below-guideline sentence due to Brown's "very early"[17] cooperation: "[W]ithin six months of this all happening, Mr. Brown said, I'll plead guilty, I'll go away with the plea agreement for 15 years."[18] The parties shared a mutual understanding from the beginning, one that Brown did not refute: "it was relatively clear this would be a plea, that Mr. Brown was not really going to fight this."[19] Because Brown has not borne his burden of showing that the error affected his substantial rights by resulting in a heavier sentence, we must affirm despite the District Court's violation of Rule 11(c)(1).

### III.

Alternatively, Brown also argues that his plea must be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional. But we need not address this argument, because our precedent is clear: "§ 922(g)(1) is constitutional as applied to convicts on parole or probation"[20] and "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm."[21] Because Brown was on probation at the time of the offense, he does not have a Second Amendment right to possess a firearm.

---

[16] JA 157.
[17] JA 173.
[18] JA 174.
[19] JA 177.
[20] *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025).
[21] *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024).

## IV.

The District Court erred by violating Rule 11(c)(1) when participating in plea negotiations.  But the error did not affect Brown's substantial rights, so we will affirm.